UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:21-cv-179-TAV-CRW |
| | ) |
| TINA A. ROBINETTE, | ) |
| FULLER ENTERPRISES, LLC, | ) |
| WILLIAM JOSEPH ROBINETTE, SR., | ) |
| DELORES LEE ROBINETTE REYNOLDS, | ) |
| and JODY VIRGINIA LYNN STEWART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is a motion for judgment on the pleadings [Doc. 111], a motion to strike [Doc. 114], and two motions to dismiss [Docs. 123, 127]. The motions have been briefed [*see* Docs. 112, 115, 116, 128, 129, 133] and are ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the motion for voluntary dismissal [Doc. 127] is **GRANTED in part** and **DENIED in part**. Ms. Robinette's crossclaim is hereby **DISMISSED with prejudice**. The motion for judgment on the pleadings, motion to strike, and motion to dismiss [Docs. 111, 114, 123] are **DENIED as moot**. This case will be **DISMISSED**.

### I. Background

On November 22, 2021, New York Life Insurance Company ("NYLIC") filed the first amended complaint in interpleader (the "Complaint") and asked the Court to determine to whom a $5 million death benefit should be paid among Ms. Robinette and the

Cross-Defendants [*see* Doc. 2]. On December 22, 2021, Ms. Robinette filed an answer to the Complaint, a counterclaim against NYLIC, and a crossclaim against the Cross-Defendants [Doc. 6]. Her counterclaim alleged causes of action for material breach of contract and bad faith refusal to pay under the common law and Tenn. Code Ann. § 56-7-105(a) [*Id.* at 48–50]. Ms. Robinette's crossclaim alleges causes of action for conspiracy and intentional tortious interference with a contract and statutory procurement of breach of contract under Tenn. Code Ann. § 47-50-109 [*Id.* at 77–80].

On May 12, 2023, NYLIC and Ms. Robinette filed cross-motions for summary judgment [Docs. 60, 62]. Under the Court's scheduling order [*see* Doc. 44, as amended], the dispositive motion deadline passed in May 2023, and the Cross-Defendants did not timely file any dispositive motions. Seven months after the deadline passed, however, they filed a motion for judgment on the pleadings [Doc. 111] without acknowledging that the motion was untimely.

On March 19, 2024, the Court entered a memorandum opinion and order (the "Order") granting NYLIC's summary judgment motion and denying Ms. Robinette's partial summary judgment motion [Doc. 121]. The Court concluded that NYLIC properly invoked interpleader, and as a result, dismissed Ms. Robinette's counterclaim against NYLIC [*see id.*].

As a result, only Ms. Robinette's crossclaim remains pending in this lawsuit [Doc. 133, p. 3; Doc. 128, p. 3]. Following the Court's Order, the Cross-Defendants filed a motion to dismiss the crossclaim for failure to state a claim [Doc. 123]. Ms. Robinette then filed a motion to voluntary dismiss her crossclaim without prejudice [Doc. 127].

2

While the parties agree that the crossclaim is due to be dismissed, they disagree whether it should be dismissed with or without prejudice.

## II. Analysis

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, under circumstances such as those presented here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Indeed, "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court," *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted), and dismissal is without prejudice unless the court states otherwise, Fed. R. Civ. P. 41(a)(2).

The decision to dismiss a case pursuant to Rule 41(a)(2) falls "within the sound discretion of the district court," and the "primary purpose of the rule . . . is to protect the nonmovant from unfair treatment." *Grover*, 33 F.3d at 718. "In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found 'only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007) (quoting *Grover*, 33 F.3d at 718).

In determining whether a defendant will suffer plain legal prejudice as a result of a dismissal without prejudice, the Court considers the following four factors: (1) "defendant's effort and expense of preparation for trial;" (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action;" (3) "insufficient

3

explanation for the need to take a dismissal;" and (4) "whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. The *Grover* factors are neither exclusive nor mandatory, and the Court is not required to analyze each factor or limit its analysis to these factors. *Rosenthal*, 217 F. App'x at 502; *see also Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) ("These factors are only a guide," and "the trial judge ultimately retains discretion to grant the motion to dismiss." (citation omitted)). The nonmovant carries the burden of establishing that a dismissal under Rule 41(a)(2) without prejudice will result in plain legal prejudice. *See Matthews v. Tenn. Bd. of Prob. & Parole*, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008) ("Ordinarily voluntary dismissal without prejudice should be granted unless the defendant shows that a dismissal will result in plain legal prejudice." (quotation omitted)).

In this case, the Court finds that the Cross-Defendants have carried their burden in demonstrating that dismissal of the crossclaim without prejudice will cause them to suffer plain legal prejudice because the "law clearly dictates a result" in their favor. *See Grover*, 33 F.3d at 719 (citations omitted). In so holding, however, the Court first observes that the Cross-Defendants have set forth several arguments that either misconstrue applicable law or do not move the needle in favor of dismissal with prejudice.

The Cross-Defendants "acknowledge that not all of the *Grover* factors are present here," including the first[1] and second factors weighing in favor of dismissal without

---

[1] While the Cross-Defendants seem to concede that the first factor weighs in favor of voluntary dismissal, the Court does observe that this case is nearly three years old. However, much of the litigation to date has involved NYLIC and Ms. Robinette and not the Cross-Defendants.

prejudice [Doc. 133, p. 5]. In arguing for the dismissal of Ms. Robinette's crossclaim with prejudice, the Cross-Defendants rely on the third and fourth *Grover* factors: they erroneously contend that the time has expired for Ms. Robinette to file a notice of appeal of the Court's Order and observe that they have filed two dispositive motions [*Id.* at 6].

As to the third factor, Ms. Robinette believes the dismissal of her crossclaim should be without prejudice because a successful appeal of the Court's Order would revive her crossclaim and enable her to pursue it against the Cross-Defendants in state court [Doc. 128, pp. 6, 6 n.3]. The Cross-Defendants argue that this explanation is insufficient because they believe that Ms. Robinette can no longer appeal the Order [Doc. 133, pp. 5–6].

As an initial matter, parties seeking dismissal without prejudice are not required to give an exact or detailed reason for their actions so long as there is some logical justification. *See Pence v. TMNO Healthcare, LLC*, No. 13-1199, 2013 WL 5550862, at *5 (W.D. Tenn. Oct. 8, 2013) (collecting cases). Moreover, the Sixth Circuit has determined that a district court's failure to make a finding regarding the sufficiency of plaintiff's explanation for their need for dismissal is not tantamount to an abuse of discretion. *See Rosenthal*, 217 F. App'x at 502 (6th Cir. 2007).

Regardless, the Cross-Defendants misunderstand Ms. Robinette's appeal rights and the law governing such. Generally, "when a district court grants summary judgment on some but not all claims" in a lawsuit, "the decision is not a final order for appellate purposes." *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting

5

*Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012). Fed. R. Civ. P. 54(b) outlines an exception to this rule:

> <u>Judgment on Multiple Claims or Involving Multiple Parties</u>. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood*, 696 F.3d at 500. First, the Court must determine whether an action has more than one claim or party, and whether the Court's order disposes of fewer than all the claims or parties. *Id.* Second, the Court engages in a balancing test to determine whether there is no just reason for delaying entry of a final judgment. *Id.* at 503 (citing *Corrossioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

The Court's Order is not a final appealable order. And the Court has not been presented with any Rule 54(b) motion. Accordingly, the Cross-Defendants' assertion that "there is no appeal to wait for" is not accurate [Doc. 133, p. 6]. Accordingly, the Court finds that the third *Grover* factor does not weigh in the Cross-Defendants' favor.

As to the fourth *Grover* factor, the Cross-Defendants observe that they have filed two dispositive motions on which the Court has not yet ruled [*Id.* at 6]. But they fail to acknowledge that both dispositive motions were untimely under this Court's scheduling order [*see* Docs. 111, 123]. Their motion for judgment on the pleadings [Doc. 111] was

6

filed nearly seven months late,[2] and their motion to dismiss [Doc. 123] was untimely by nearly 10 months.  Even if the Court were to overlook the untimeliness of their motions, "whether a dispositive motion is pending is merely a relevant factor under *Grover*; it is not dispositive."  *See Rosenthal*, 217 F. App'x at 500–02.  Accordingly, this factor does not weigh in their favor either.

Next, the Cross-Defendants argue that dismissal without prejudice would strip them of "legal defenses [of which] this Court is aware" [Doc. 133, p. 7].  But they do not actually specify what those defenses are or explain how dismissal with prejudice would have this effect.

Ultimately, however, the Court agrees that dismissal with prejudice is warranted here.  The Sixth Circuit has acknowledged that, "when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."  *Grover*, 33 F.3d at 719 (citations omitted).  The Cross-Defendants analogize this case to *Grover* [Doc. 133, p. 7], where the Sixth Circuit concluded that the district court abused its discretion in dismissing claims without prejudice.  In that case, the district court dismissed the complaint without prejudice after the defendant was forced to litigate for five years before the plaintiffs requested certification of a question to the Ohio Supreme Court and the parties expended their resources presenting the legal issue to the Ohio Supreme Court.  *Id.* at 718.  The defendant

---

[2] The Cross-Defendants filed such motion without acknowledging its untimeliness [*see* Doc. 112].

7

ultimately succeeded in obtaining a ruling in its favor, which the plaintiffs had termed the "determinative" legal issue in the case. *Id.*

The Cross-Defendants' strongest and most persuasive argument for dismissal with prejudice is that the Court has already determined that NYLIC properly invoked interpleader. In so holding, the Court granted NYLIC's motion for summary judgment, denied Ms. Robinette's motion for partial summary judgment, and dismissed Ms. Robinette's claims against NYLIC for breach of contract [*see* Doc. 121]. The Court acknowledges that it has not had the opportunity to consider the merits of Ms. Robinette's crossclaim. However, absent a viable breach of contract claim (which the Court has found there is none), Ms. Robinette cannot maintain her crossclaim for intentional tortious interference with a contract or statutory procurement of breach of contract pursuant to Tenn. Code Ann. § 47-50-109. *Robinson v. City of Clarksville*, 673 S.W.3d 556, 573–74 (Tenn. Ct. App. 2023), *appeal denied* (May 10, 2023) (citing the elements of the cause of action for interference with contractual rights, which includes the breach of a contract) (citing Tenn. Code Ann. § 47-50-109). For the same reasons, she cannot maintain her conspiracy claim against the Cross-Defendants. In light of the Court's Order, the "law clearly dictates a result for" the Cross-Defendants, and as a result, the Court finds that plain legal prejudice would result from a dismissal without prejudice. Indeed, the posture of this case and the circumstances warranting the dismissal of Ms. Robinette's crossclaim are unique, and the Court is satisfied that this is not a case where the Cross-Defendants seek to avoid dismissal without prejudice because they merely face the "prospect of a second lawsuit." *See Rosenthal*, 217 F. App'x at 500 (citing *Grover*, 33 F.3d at 718). Finally, that

8

all the *Grover* factors are not present here is not determinative, as they are "only a guide." *See Malibu Media, LLC*, 705 F. App'x at 407.

Accordingly, the Court will dismiss Ms. Robinette's crossclaim with prejudice.

## III. Conclusion

For the reasons above, the motion for voluntary dismissal [Doc. 127] is **GRANTED in part** and **DENIED in part**. Ms. Robinette's crossclaim is hereby **DISMISSED with prejudice**. The motion for judgment on the pleadings, motion to strike, and motion to dismiss [Docs. 111, 114, 123] are **DENIED as moot**. This case will be **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE